## STATE v. MILO E. BENTLEY.

October Term, 1902.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON and
STAFFORD, JJ.

Opinion filed February 5, 1903.

*Divorce—Remarriage—Validity—Evidence.*

The provision of the New York Code, prohibiting the subsequent mar-
riage of a libellee in divorce proceedings, applies only to persons
divorced in that State, and does not render invalid the marriage
there of a person divorced in this State.

INFORMATION FOR BIGAMY. Plea, not guilty. Trial by
jury at the June Term, 1902, Windsor County, *Haselton,* J.,
presiding. Verdict, guilty; and judgment thereon. The re-
spondent excepted.

The State proved the respondent's marriage at Bethel,
Vt., on December 28, 1901, to one Isabel Palmer, and his pre-
vious marriage at Whitehall, N. Y., on March 23, 1899, to one
Lenora Whitmore, who was still living. The respondent
claimed that the Whitehall marriage was void, because within
three years prior thereto a former wife, then a resident of
Whitehall, had obtained a divorce from him in this State for a
cause other than adultery, and the law of New York prohibited
the remarriage of a libellee in divorce proceedings for a period
of three years. It was in support of this claim that the evi-
dence referred to in the opinion was offered.

*John J. Wilson* for the respondent.

This case is very similar to *State v. Shattuck,* 69 Vt. 403;
in that case, however, the marriage in dispute was contracted
in New Hampshire, and no evidence was offered that the law
of that State restricted the marriage of the guilty party in di-

vorce proceedings. In this case, the evidence excluded was offered to supply this deficiency.

It is shown that the law of New York grants divorces for adultery only. The law of this State grants divorces for other causes, but as to the marriage of the guilty party, the laws of both States are similarly restrictive—the law of that State restricting the marriage of the guilty party divorced for the cause recognized there, and the law of this State restricting the marriage of the guilty party divorced for the causes recognized here.

These statutory provisions established for the purpose of public policy have the same weight and authority as the common law, and should have the same consideration from the Court.

*Charles P. Tarbell,* State's Attorney, for the State.

The Whitehall marriage was valid. *State* v. *Shattuck,* 69 Vt. 403; *State* v. *Richardson,* 72 Vt. 49. By the New York law, the marriage of a divorced party is only prohibited when the divorce is granted for adultery. The divorce in this case was for a cause other than adultery.

WATSON, J. The respondent excepted to the exclusion of the statutory law of New York, with a decision of the highest court of that State construing the same, to the effect that a dissolution of marriage could be granted there only for the cause of adultery, and that, when a marriage is dissolved pursuant to such law, for that cause, the libellee shall not marry again, unless it be to the libellant, until the death of the libellant; and this is the sole question before us.

It is sufficient for this case that the law of New York offered in evidence prohibits the subsequent marriage of a libellee only when the marriage has been dissolved under the

provisions of that law.   By express terms, it has no applica-
tion when the dissolution was granted in some other territorial
jurisdiction.   The evidence offered had no tendency, there-
fore, to show that the respondent's marriage at Whitehall, in
the State of New York, was illegal, and it was properly ex-
cluded.

*Judgment that there is no error in the proceedings, and
that the respondent take nothing by his exceptions.   Let ex-
ecution be done.*

